PARMELIA DECKER ET AL., PLAINTIFFS IN ERROR, v. HENRY L. HARTSHORN, DEFENDANT IN ERROR.

1. A surrender of a term in demised premises, by act and operation of law, will not be implied upon proof that the lessee has put a third person in possession thereof, and that the lessor has received rent from such third person, and nothing more. *Quære.* Will such surrender be implied if it also appears that the lessor, with the lessee's assent, has accepted such third person as his tenant?

2. The mere receipt of rent by a landlord from an under-lessee does not evidence his assent to the abandonment of the demised premises by the original lessee, and is no proof of his acceptance of such under-lessee as tenant.

On error to the Supreme Court.

For the plaintiffs in error, *Norman Grey.*

For the defendant in error, *Henry M. Snyder, Jr.*

The opinion of the court was delivered by

GUMMERE, J.   This was an action brought by the plaintiffs in error, who were the plaintiffs below, to recover from the defendant (trading as Louis Pelouze & Company) rent for certain premises in the city of Philadelphia, which had been leased to him by them.   The rent sought to be recovered was claimed to have accrued from February 4th, 1893, to April 3d, 1894.   The defence was that the defendant had ceased to be a tenant before the first-mentioned date.

The only assignment of error which requires consideration in the disposition of the case is that which challenges the correctness of the ruling of the trial judge in refusing to direct a verdict for the plaintiffs.

The situation at the close of the testimony was this : The plaintiffs having proved the existence of a tenancy, the defendant sought to show that there had been a surrender of his estate in the demised premises, by act and operation of law, prior to February 4th, 1893.   The evidence produced

by him in support of this defence was as follows : On November 1st, 1892, the defendant delivered up the possession of the premises to the American Type Founders Company, who thereafter carried on business there as Louis Pelouze & Company, the same name as that used by the defendant in conducting his business there. On November 28th he notified the agent of the plaintiffs of that fact in a letter sent to their agent, which reads as follows :

" *Mr. Gailey :*

" DEAR SIR—Enclosed we hand you check for one hundred and twenty-three dollars and fifty-two cents, rent in full to November 1st, 1892. As this foundry became possessed by the American Type Founders Company on November 1st, 1892, we square up our account to that date, which we trust is satisfactory. Kindly acknowledge receipt in full to November 1st, 1892.

" Respectfully,<br>" LOUIS PELOUZE & CO."

To this letter Mr. Gailey sent the following reply to the defendant November 29th, 1892 :

" *Mess. L. Pelouze & Co. :*

" GENTLEMEN—Your favor of yesterday, with check for $123.52, in settlement of rent to November 1st, duly received. Please accept thanks for same and inclosed find receipt. If you wish the rent hereafter to fall due on the first day of each month it will necessitate a new lease, which I will prepare and take to you for execution, unless you advise me that you wish the rent to become due as heretofore on the 4th.

" Yours truly,<br>" S. M. GAILEY."

On the 13th of January, 1893, a check of the American Type Founders Company, for the rent due January 1st, was sent to the plaintiffs' agent in a letter signed " Louis Pelouze & Co." This letter was in the handwriting of the defendant,

but he testifies that when he wrote it he was in the employ of the American Type Founders Company and was acting for them. The check was accepted by the plaintiffs' agent in payment of the rent for which it was sent, and the money drawn thereon by him.

This is the whole of the evidence, from which it is insisted, on behalf of the defendant, that a surrender of his estate in the demised premises can be implied. Are these facts sufficient to warrant the implication?

The case most favorable to the contention of the defendant, so far as my examination of the books has disclosed, is *Thomas* v. *Cooke*, 2 *Barn. & Ald.* 119, in which it was held that a surrender in law could be implied where a lessee had put a third person in possession of the demised premises and the lessor had, with the lessee's assent, accepted such third person as his tenant. This case has been followed, to some extent, both in England and in this country, but has, notwithstanding, been frequently doubted. Baron Parke, in *Lyon* v. *Reed*, 13 *Mees. & W.* 285, 309, in discussing that decision, says: "It is a matter of great regret that a case involving so much importance and nicety, should have been decided by refusing a motion for a new trial. Had the case been put into a train for more solemn argument, we cannot but think that many considerations might have been suggested, which would have led the court to pause before they came to the decision at which they arrived." "We feel fully warranted in not extending the doctrine of that case, which is open to so much doubt, especially as such a course might be attended with very mischievous consequences to the security of titles." In our own state, also, Chief Justice Beasley, commenting on the same case, in *Hunt* v. *Gardner*, 10 *Vroom* 533, says: "I think it may be safely said, that to hold that a surrender in law will be implied, or raised up, from the facts that a tenant has put a third person in possession of the demised premises, and that such third person has been accepted as tenant, with the assent of the original tenant, is carrying the principle to the verge of mischief to titles by leasehold."

Whether, in view of the injurious criticism to which the case has been subjected by such eminent jurists, the doctrine established by Thomas *v.* Cooke should be followed in this state, is a question which, it seems to me, ought not to be determined except after very careful consideration, and the case before us, as I view it, does not call for a determination of that question. In Thomas *v.* Cooke, the person who was put in possession of the demised premises by the lessee was afterward accepted as tenant by the lessor; in the present case that element is wanting. There is nothing in the letter written by the agent of the plaintiffs on November 29th which can be construed into an acceptance of the Type Founders Company as tenant. On the contrary, it clearly appears from it that the agent still considered the defendant to be the tenant of his principals, notwithstanding the change in the possession of the demised premises. So, too, although it appears from the proofs that, after possession of the premises had been delivered by the defendant to the Type Founders Company, the latter paid rent to the plaintiffs, yet such payment was made by the company in the name of Louis Pelouze & Company, the name previously used by the defendant; and there is no evidence to warrant the conclusion that, when this payment was made to and accepted by the plaintiffs, they had any knowledge that "Louis Pelouze and Company" was no longer Henry L. Hartshorn, the defendant, but had become the American Type Founders Company. But even if the fact had been otherwise—if the plaintiffs had known that the rent was paid by the Type Founders Company and had accepted it with that knowledge—the result would have been the same so far as this case is concerned. The mere receipt of rent by the landlord from an under-lessee does not evidence his assent to the abandonment of the premises by the original lessee, and is no proof of his acceptance of such under-lessee as tenant. *Bacon* v. *Brown,* 9 *Conn.* 334; *Tayl. Land. & T.,* § 512; *Copeland* v. *Watts,* 1 *Stark.* 76.

In my opinion, taking the most favorable view of the facts proved in this case, and of the law applicable to those facts, they will not support a finding that there was a surrender of the estate of the defendant in the demised premises by act and operation of law prior to the commencement of the period for which rent is claimed by the plaintiffs. The request of the plaintiffs, therefore, that the jury should be directed to render a verdict in their favor was improperly refused, and for this reason the judgment below should be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Collins, Depue, Dixon, Gummere, Lippincott, Ludlow, Van Syckel, Bogert, Hendrickson, Nixon. 12.