EDWARD KNAPP, DEFENDANT IN ERROR, v. JERRY VOORHIS, PLAINTIFF IN ERROR.

Submitted June 17, 1909—Decided November 15, 1909.

1. A master is only required to exercise reasonable care in the selection of appliances necessary to secure the safety of his servants while carrying on the work in which they are engaged under their employment, and if injury results from the careless or negligent application or use by a fellow-servant, the master is not responsible for injuries arising therefrom.

2. Where a master furnishes brackets, in perfect condition, to be used in supporting a platform or scaffold on which his workmen are to stand while putting shingles on a roof, and the appliances furnished, when properly used, provide a reasonably safe place for the workmen, the slipping of the feet of one of the brackets. causing it to collapse because not securely attached to the roof by a fellow-servant who put up the scaffold, does not raise a presumption that the master did not exercise reasonable care in the selection of the appliance.

On error to the Bergen Circuit.

For the plaintiff in error, *Michael Dunn.*

For the defendant in error, *Addison Ely* and *W. H. H. Ely* (of the New York bar).

The opinion of the court was delivered by

BERGEN, J.   The defendant below had in his employ a number of servants, of whom the plaintiff below was one, engaged in shingling a roof, and in order to do this a scaffold or platform attached to the roof was required to support the workmen while putting on the shingles.   The master furnished iron brackets and planks with which one or more of the servants working with the plaintiff below constructed a scaffold or platform.   To properly put up the platform it was necessary to slip a lug at the upper end of the bracket between shingles already fastened in place, and then drive nails through the outer shingle, an aperture provided in the lug for that purpose, and the shingle upon which the lug rested, which, if carefully done, would hold the lug in place; at the bottom of the lug there was a hinge connecting it with a frame upon which planks were to be placed forming the platform on which the workmen stand, and attached to the other end of the frame by a hinge are two legs with sharp ends to be driven into the shingles of that part of the roof which has been completed, so that the frame upon which the platform rests is supported by two legs driven into the shingles below and by the lug fastened to the roof above.   While the plaintiff below was working on the platform the feet of one of the brackets, for some reason not disclosed by the testimony, gave way, causing part of the platform upon which the plaintiff below was standing to fall, and him to be thrown from the roof to the ground, producing the injuries which are the basis of this action.

There was a motion for nonsuit, and also for a direction in favor of the defendant below, both of which were refused. We think this was an error which requires the reversal of this judgment.   It is not contended that there was any defect in the construction or want of repair of the instrument provided

by the master; it was perfect in all that it purported to be, but the claim of the defendant in error is that the device was not a reasonably safe one for the use to be made of it. The difficulty with the application of this claim to the facts in this case is that it does not appear that it was not a reasonably safe appliance for the purpose intended if properly used. The proposition of the defendant in error does not state the legal rule as it has been expressed by this court, which is that where a master is required to furnish appliances which affect the safety of the place in which his servants are to work, the exercise of reasonable care in the selection of such appliances relieves the master from liability.

In *McLaughlin* v. *Camden Iron Works,* 31 *Vroom* 557, Mr. Justice Collins, speaking for this court, said: "Where appliances for work are needed the duty is on the master to use reasonable care in their selection, and he cannot escape it by delegation, but carelessness in their use, or failure to use them, on the part of his servant, whereby injury is received by a fellow-servant in the same common employment, is not chargeable to the master." So, also, in *Sofield* v. *Guggenheim Smelting Co.,* 35 *Id.* 605, Mr. Justice Lippincott, in announcing the opinion of this court, said: "Where the use of appliances or safeguards effects the safety of the place, the exercise of reasonable care in this respect relieves the master from liability."

The defendant in error undertook to show that the device was so unsafe for the use intended as to warrant the inference that the master had not exercised reasonable care in its selection, that is, that it was so clear that the appliance, although perfect in its construction, could not be used for the purpose intended with any reasonable expectancy of safety, that a presumption arose that reasonable care in its selection had not been exercised by the master, but in this, we think, he failed, for all the evidence on this point shows that the appliance was reasonably safe if properly used, that is, used in the manner a moment's inspection would indicate it should be used by those to whom its application was committed.

The case shows that the master selected an appliance which

was in common use; that the proper method of using it was obvious from inspection; that it was in perfect order when given to his servants, and that it was put in place by a fellow-servant of the plaintiff below. The plaintiff's injuries are thus shown to be attributable to an improper use by a fellow-servant of an appliance furnished by the master with reasonable care, which, if properly used by his servants, would provide a reasonably safe place for them to work in, and the master is not liable to his servant for injuries resulting from the negligent use by a fellow-servant of an appliance which was safe if put in place with such ordinary care as a prudent man should exercise.

The judgment below will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, Congdon, JJ. 16.