ETTLINGER v. KRUGER.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. LANDLORD AND TENANT (§ 194*)—TERMS FOR YEARS—SURRENDER—SUBSTITUTION OF TENANTS.

Where a lease is under seal, a parol agreement to terminate it and accept another as tenant, when without consideration, will not terminate the original tenancy, where the unexpired term is more than a year, even though rent be accepted from the assignee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. § 194.*]

2. LANDLORD AND TENANT (§ 75*)—TERMS FOR YEARS—SURRENDER—SUBSTITUTION OF TENANTS.

A tenant by assigning his lease cannot impose a new tenant upon his landlord, unless the landlord accepts the assignee as tenant and the assignee attorns.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 222–229; Dec. Dig. § 75.*]

Appeal from Appellate Term.

Action by Louis Ettlinger against Theodore Kruger. From a City Court judgment for defendant, affirmed by the Appellate Term (125 N. Y. Supp. 445), plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

William W. Pellet, for appellant.
Frank H. Richmond, for respondent.

DOWLING, J. This appeal is from a determination of the Appellate Term, affirming a judgment of the City Court, entered upon the verdict of a jury in favor of defendant, after a second trial of the

cause; a verdict directed for the plaintiff upon a prior trial having been reversed by the Appellate Term. 125 N. Y. Supp. 445.

The action was brought to recover the rent of premises No. 589 Broadway, in the city of New York, for the months of April and May, 1910, and for Croton water charges assessed against the said premises on September 29, 1909. The defendant was the lessee of those premises from S. H. L. Ward, under a lease in writing therefor, executed by the owner and tenant on December 31, 1896, for a period of five years from February 1, 1897, at an annual rental of $4,500, with an option for an extension of five years at the rate of $5,000 per annum. The lease was under seal, and contained no covenant against defendant assigning the lease or subletting the premises. The option was exercised, and on June 27, 1905, a further extension of five years was agreed upon in writing, to begin February 1, 1907, at an annual rental of $7,100. In September, 1905, defendant claims to have had an interview, in the company of his attorney, with Mr. Ward. Defendant claims that he then told Ward that he had a buyer for the place (meaning the business conducted by him thereat), and asked his permission to sell it. Mr. Ward thereafter inquired as to Mr. Nigey, the proposed purchaser, and asked if defendant could recommend him, to which he gave an affirmative reply, as he said Nigey had been his chef for a number of years, and on that recommendation Ward asked defendant to assign the lease over to Nigey, and said that he would accept the latter on that statement. The attorney's version of the conversation is that, when defendant told Ward that he wanted to sell his place, he also said he wanted his consent to accept Nigey as a tenant, whereupon Ward said he would so accept him and release the defendant; the latter having been volunteered by Ward. Defendant did assign to Nigey the term of five years, which the last extension was to cover, by an instrument in writing, dated and acknowledged September 30, 1905, but to which Nigey did not become a party. The record does not disclose when Nigey entered into possession of the premises, nor how long he continued therein. It does appear, however, that in May, 1910, Ward proved his claim in bankruptcy against Nigey in the amount of $4,904.75, of which the sum of $4,733.35 was stated to be for notes given for rent; the balance being cash advanced to pay water taxes. The plaintiff herein is the grantee of Ward, having taken title to the premises on or about January 6, 1909.

[1] Under the conditions stated, we cannot see how this judgment in favor of the defendant can be sustained. Even accepting defendant's version of the conversation with Ward as correct, there was absolutely no consideration for the promise upon Ward's part to either accept a new tenant or discharge the defendant. The defendant was primarily liable to Ward upon the written lease, and Ward never executed a written release or discharge. Defendant relies upon the fact that the oral agreement alleged was subsequently executed, so that by operation of law the release became effective. But the difficulty is that there is no proof whatever that Nigey did, in fact, become the tenant of Ward. Assuming that he paid rent to Ward, which was accepted, that might as well have been paid on defendant's account

as on account of Nigey; and, further, as the unexpired term of the lease under seal was more than one year, being in fact the full term of five years, the mere receipt of rent from another person would not terminate the lease. Wilson v. Lester, 64 Barb. 431.

[2] Moreover, as far as the record discloses. Nigey never did in fact become in any way obligated to Ward for the rent of these premises. He did not in writing assume the lease, nor did he ever promise to pay the rent accruing thereunder. A tenant cannot impose a new tenant upon his landlord simply by assigning his lease. Defendant's contention would lead to the improbable result that Ward, without any consideration, had released him, a responsible person, from a lease having five years still to run, and consented to a new tenant taking possession, of unknown financial standing, who was never under obligation to pay any rent whatever to Ward, except for such period of time as he might choose to actually occupy the premises.

We are of the opinion that upon this record there is an absolute failure of proof that there ever was a valid release by the lessor of defendant as tenant and the substitution of a new tenant in his place with the landlord's consent.

The determination and order of the Appellate Term, and the judgment and order of the City Court herein, must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.