ETTLINGER v. KRUGER.

(Supreme Court, Appellate Term. May 31, 1912.)

1. LANDLORD AND TENANT (§ 231*)—ASSIGNMENT OF LEASE—CONSIDERATION—EVIDENCE—SUFFICIENCY.

In an action for rent accruing under a lease for a definite term after defendant had assigned the lease, evidence *held* insufficient to show consideration for any promise by plaintiff to release defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. LANDLORD AND TENANT (§ 109\*)—ASSIGNMENT OF LEASE—RELEASE OF TENANT.**

Where a landlord actually accepts an assignee as a substituted tenant, there is a surrender of the lease by the earlier tenant by operation of law.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. § 109.\*]

**3. LANDLORD AND TENANT (§ 109\*)—SURRENDER OF LEASE—CONSIDERATION.**

Surrender of a lease by a tenant and acceptance thereof by the landlord constitute sufficient mutual consideration to terminate the tenancy.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. § 109.\*]

**4. LANDLORD AND TENANT (§ 75\*)—ASSIGNMENT—CONSENT OF LANDLORD.**

To constitute acceptance by a landlord of an assignee as tenant, some act of the landlord inconsistent with continued liability of the old tenant and continued existence of any estate or interest in the lease to him must appear.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 222–224, 229; Dec. Dig. § 75.\*]

**5. LANDLORD AND TENANT (§ 109\*)—ASSIGNMENT—CONSENT OF LANDLORD—EVIDENCE—SUFFICIENCY.**

That a tenant's assignee enters the premises and her landlord receives rent from him without giving him a new lease is not sufficient to show a surrender and acceptance by the landlord; the assignee in no way validly assuming the obligations of the old lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. § 109.\*]

Appeal from City Court of New York, Trial Term.

Action by Louis Ettlinger against Theodore Kruger. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

See, also, 146 App. Div. 955, 131 N. Y. Supp. 1114.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Lehmaier & Pellet, of New York City (William W. Pellet, of New York City, of counsel), for appellant.

Fromme Bros., of New York City (Henry L. Scheuerman, of New York City, of counsel), for respondent.

LEHMAN, J. [1] The plaintiff sues for rent alleged to be due under a lease made on the 27th day of February, 1905, and extended for a term of five years from the 1st day of February, 1907, wherein the defendant agreed to pay the annual rental of $7,100 in equal monthly installments. There is no dispute but that the rent is unpaid, and the sole defense sought to be established is that the defendant obtained the consent of the landlord to assign the lease, and that the landlord agreed to accept the assignee as tenant in place of the defendant and release the defendant as tenant of the demised premises, and that thereafter the assignee entered into possession of the premises, and the landlord accepted the assignee as tenant of the said premises. In other words, the defendant claims that the lease to him is no longer outstanding, but has been surrendered by him and ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cepted by the landlord. The case has been tried three times. At the first trial, the trial justice directed a verdict for the plaintiff, which was reversed by this court, upon the ground that the evidence presented a question of fact for the jury. Upon the second trial, the jury found for the defendant, and this court felt constrained to affirm the judgment upon the authority of its earlier judgment, but gave leave to the appellant to appeal to the Appellate Division. The Appellate Division, however, reversed the judgment, holding that there was no consideration shown for the promise on the landlord's part to either accept or discharge the tenant; that there was no proof that the assignee did, in fact, become the tenant of the landlord; and that there was no proof that the assignee did, in fact, become obligated to the landlord for the rent of the premises. The opinion of that learned court is summed up in its final paragraph:

"We are of opinion that, upon this record, there is an absolute failure of proof that there ever was a valid release by the lessor of defendant as tenant, and the substitution of a new tenant in his place with the landlord's consent."

It is to be noted that the court did not hold that the judgment was against the weight of evidence, but that there was an "absolute failure of proof," and the question for us to determine upon this appeal is whether or not this failure of proof has been remedied by the new evidence presented.

The defendant claims that he has now presented evidence of consideration for the promise to release. I find no additional evidence upon this point, except a statement that, after the landlord agreed to accept the assignee as a new tenant and release the prior tenant, the latter said:

"You know, Mr. Ward, if you didn't do that, Mr. Nigey wouldn't take it, and I want to get out."

It seems to me that this presents no additional evidence of consideration. "Consideration of a promise is the thing given or done by the promisee in exchange for the promise." Langdell on Contracts, § 45. In this case, however, nothing was given, done, or promised by the tenant in exchange for the promise to release, except, perhaps, the assignment to Nigey, and this, the Appellate Division has held, constituted no consideration. It may have been done in reliance upon the promise of the landlord, but it was not apparently done in exchange for the promise. This phase of the case, however, I think has received but little consideration either in this court or in the Appellate Division, and, in my opinion, deserves but little consideration. The original agreement is under seal, and the term outstanding was for over five years. If the parol agreement to release has, in any event, any effect, it is by reason of the fact that it has been actually executed and the assignee received as the tenant in place of the assignor of the lease.

[2] If the landlord has actually accepted the assignee as a new and substituted tenant, then there has been a surrender of the lease by the earlier tenant by act or operation of law.

"A surrender is implied and so effected by operation of law within the statute quoted, when another estate is created by the reversioner or remainderman with the assent of the term or, incompatible with the existing estate or term. * * *" Coe v. Hobby, 72 N. Y. 141, 28 Am. Rep. 120.

[3] If there has been a surrender and acceptance, then these acts would form a sufficient mutual consideration. Sherman v. Engel, 18 Misc. Rep. 484, 41 N. Y. Supp. 959.

[4, 5] The sole question is whether or not there was any evidence to show that the assignee did become the substitute tenant of the landlord. I find nothing in the record upon this appeal materially changing the previous evidence. The assignee received no new lease from the landlord. He came in under the assignment from the previous tenant. He did not assume the obligations of the lease, but, apparently, merely continued in possession as assignee of the old lease. The landlord received the rent from him during the time of his occupation, and even pursued his remedy in bankruptcy against him on notes received in payment of the rent; but these acts are entirely consistent with the view that the assignee was in possession solely by virtue of the assignment to him. To constitute an acceptance of the assignee as tenant, some act of the landlord must be shown inconsistent with the continued liability of the old tenant and the continued existence of any estate or interest in the lease to him.

"The farthest that our courts have gone is to hold that, to effect a surrender of an existing lease by operation of law, there must be a new lease, valid in law, to pass an interest according to the contract and intention of the parties." Coe v. Hobby, supra; Smith v. Kerr, 108 N. Y. 31, 15 N. E. 70, 2 Am. St. Rep. 362.

Where the assignee of a lease merely enters into the premises, and the landlord receives the rent from him, but gives him no new lease, and the assignee in no way validly assumes the obligations of the old lease, I find no proof of a surrender and acceptance, and no execution of a previous promise to accept the assignee as tenant in place of the original tenant. The evidence of the acts constituting a surrender and acceptance should be plain. In the case of Vandekar v. Reeves, 40 Hun, 430, the court went further than in any other case I have been able to find, to sustain such a surrender and acceptance. But even in that case the court cites with approval the rule from Bingham on Real Estate:

"If it is proved by words only, the agreement is within the statute of frauds, and cannot operate as a surrender. If their intention to surrender is made plain by their conduct and actions, in a way which permits of no mistakes or misrepresentations, by means of the perjury or misunderstanding of witnesses, the agreement to surrender is so proved as not to be within the statute of frauds, but amounts to 'an act or operation of law,' as that phrase is used in the statute, and effectuates a surrender."

It follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SEABURY, J. I concur in the view that the judgment must be reversed. The Appellate Division has decided that, even if the land-

lord orally promised to release the tenant, and accepted rent from his assignee, these acts did not terminate the lease. 146 App. Div. 824, 131 N. Y. Supp. 436. That decision is binding upon this court, and effect can only be given to it by the reversal of this judgment.

PAGE, J., concurs.

