### KOCH et al. v. BRUMMER.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

1. LANDLORD AND TENANT (§ 231*)—SURRENDER OF LEASE—ACCEPTANCE—EVIDENCE.

   Evidence, in an action for rent, *held* insufficient to establish a surrender and acceptance as a defense.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 199*)—LIABILITY FOR RENT—PROMISE TO RELEASE.

   An oral promise, unsupported by consideration, to release the defendant from liability for rent, is void.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 741, 742; Dec. Dig. § 199.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William T. Koch and others against Edward Brummer. Judgment for defendant, and plaintiffs appeal. Reversed.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Myers & Goldsmith, of New York City (Josiah Canter, of New York City, of counsel), for appellants.

Benjamin H. Stern, of New York City (Lewis F. Glaser, of New York City, of counsel), for respondent.

GUY, J. The action was brought to recover rent for the month of February, 1914, alleged to be due under a written lease. The defense was a surrender and acceptance. On the trial defendant took the affirmative. The lease contained the usual covenant against assigning or underletting without the landlord's consent in writing.

Defendant testified that in September, 1913, he asked Koch, one of the plaintiffs, if he could sell his business, including the lease; that he then knew he owed plaintiffs $525 for rent, which he subsequently paid; that Koch told him he "could do it provided the people were all

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right," but defendant denied, on cross-examination, that Koch, at that time, said he would hold him (defendant) on the lease until May, 1914. Defendant subsequently sold his premises, the purchasers went into possession, paid some rent to plaintiffs, and vacated the premises at the end of two months.

One of the plaintiffs, Koch, as a witness in his own behalf, admitted receiving two months' rent from subtenants of defendant to and includ-ing January last, and further testified that he told defendant he would hold him responsible for the rent of the premises, merely giving him permission to sublet to any good tenant.

[1] While there was some evidence in favor of defendant, he failed to establish his affirmative defense of surrender and acceptance by a preponderance of proof; the weight of the evidence being strongly in favor of plaintiffs.

[2] If there was an oral promise to release defendant, it was with-out consideration. Ettlinger v. Kruger, 146 App. Div. 824–826, 131 N. Y. Supp. 436; Id., 76 Misc. Rep. 540–544, 135 N. Y. Supp. 659.

Judgment and order reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.