158

Municipal Court of Appeals for the
District of Columbia.

Dec. 19, 1947.

Rehearing Denied Jan. 3, 1948.

Herman Miller, of Washington, D. C., for appellant.

Ralph A. Cusick, of Washington, D. C.; for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee, plaintiff in the trial court, brought this action for possession of a parking lot located at the northwest corner of Vermont Avenue and K Street, Northwest. Defendant, Martha T. Dezendorf, tenant of the premises under a written landlord and tenant agreement executed in September 1944, did not defend the suit and is not a party to this appeal. Haje's Inc., operator of a small restaurant located on a part of the parking lot, claiming that the real tenant of the premises had not been served with a notice to quit in accordance with District of Columbia law, was allowed to intervene and to introduce evidence in support of its claim. The trial court directed a verdict for plaintiff, and the intervenor prosecutes this appeal.

The parking lot was formerly owned by an estate and in 1941 the trustees of the estate leased the premises to Ott's Service Station, Inc., a corporation in which Mrs. Dezendorf and her husband, Arthur G. Dezendorf, were interested. This lease, although by its terms it would not expire until May 1946, contained a clause whereby if the property were sold either the seller or purchaser could terminate the lease by giving a ninety days' written notice. The property was purchased in July 1944 by plaintiff, and he thereupon gave written notice to Ott's Service Station, Inc., terminating the lease. Subsequently plaintiff made a month to month agreement for the rental of the parking lot to Mrs. Dezendorf and a few days later Mrs. Dezendorf sublet a part of the lot to Helen E. McGarvey for use as a site for a restaurant or lunchroom. This sublease by its terms was specifically made subject to the rental agreement between plaintiff and Mrs. Dezendorf. The sublease was subsequently assigned by Miss McGarvey to Jack Haje as an individual and then to Haje's Inc., the present intervenor.

Prior to the filing of the present action plaintiff served upon Mrs. Dezendorf a thirty-day notice to quit, which was in accordance with her rental agreement with plaintiff and with District of Columbia law. It is the intervenor's position, however, that this notice to quit did not terminate the tenancy. This position is based upon two contentions. The first is that the original lease to Ott's Service Station, Inc., was never terminated. This position is entirely

without merit. In making it the intervenor obviously overlooked the notice of termination addressed to Ott's Service Station, Inc., in 1944. Furthermore, if the lease to Ott's Service Station, Inc., was never terminated then intervenor would be without standing because all of its rights were derived through the subsequent rental agreement between plaintiff and Mrs. Dezendorf.

The intervenor's second contention, the one chiefly relied upon here, is based upon the following circumstances: In December 1946 or January 1947, when Mr. Dezendorf returned to Washington after service in the armed forces, he and his wife organized a new corporation, A. G. Dezendorf, Inc., and Mrs. Dezendorf "turned over" her rights in the lease to such corporation, and thereafter rent for the lot was paid to plaintiff by checks of the corporation. The intervenor urges that thereafter the corporation was the tenant of the lot and that since the corporation was never served with a notice to quit the tenancy of the corporation and hence of intervenor as sublessee was never properly terminated. Intervenor urges that at least the issue of whether the corporation had become the tenant in place of Mrs. Dezendorf should have been submitted as a question of fact to the jury.

We believe that the trial court ruled correctly in directing a verdict for plaintiff. Whatever may have been the transactions between Mrs. Dezendorf and A. G. Dezendorf, Inc., there was no evidence upon which the jury could have based a verdict that plaintiff had ever consented to a substitution of the corporation as lessee in place of Mrs. Dezendorf. Admittedly, there was no written assignment of the rental agreement with Mrs. Dezendorf. There was no evidence that plaintiff was notified of or consented to a transfer. Plaintiff himself testified that he never knew the corporation had anything to do with the operation of the lot. The president of the Dezendorf corporation, who was intervenor's witness, also stated plaintiff was not notified of any transfer of the agreement. Plaintiff also testified that his office collected rents from almost 2,000 other tenants and that he did not know that rental checks in the name of the corporation had been accepted in his office. The corporation itself has asserted no rights in this action. It results that plaintiff was not bound by any transaction between his tenant, Mrs. Dezendorf, and the corporation. Where a tenant without the knowledge or consent of the landlord attempts to assign his rights and duties to a third party, the mere acceptance by the landlord of rent from the third party is insufficient to establish an election by the landlord to release the former tenant and substitute the alleged assignee in his place.[1]

Intervenor was in possession of these premises merely as a monthly subtenant of Mrs. Dezendorf, who herself held only a monthly tenancy from plaintiff. As a subtenant intervenor has no more rights than had Mrs. Dezendorf, its lessor.[2] Judgment was properly given against the tenant, and the rights of the subtenant thereupon automatically ended.

Affirmed.

[1] Ettlinger v. Kruger, 76 Misc. 540, 135 N.Y.S. 659; Hooks v. Bailey, 5 Ga. App. 211, 62 S.E. 1054; Decker v. Hartshorn, 60 N.J.L. 548, 38 A. 678. See also Lincoln Furniture Co. v. Bornstein, 100 N.J.Eq. 78, 135 A. 83.

[2] Thayer v. Brainerd, D.C.Mun.App., 47 A.2d 787.