By the Court, Ingraham, P. J.
There was no good objection to proving the assignment from Lester to the company, of the lease executed by the plaintiff. It was part of the evidence to make out the defence. The order of proof was a matter of discretion for the court.
I think it very doubtful whether Middleton, as the plaintiff s agent, had any authority to consent to the substitution of a new tenant, and the discharge of the original lessee. Such was not within the ordinary scope of an agent’s authority to let premises and collect rents. Whether it be so or not, no such objection was made on the trial, and no request was made of the judge to charge the jury on that point. We must presume the parties assented to that view of the agent’s authority as submitted by the court to the jury.
There was a total failure of evidence to make out a surrender by Lester and an acceptance by the plaintiff of the company as tenant.
Where a lease is under seal, a parol agreement to terminate the lease and accept another as tenant, without an actual surrender, would not be sufficient to terminate the first lease, where the unexpired term is more than a year. No case has been cited to us where such an effect is given to mere receipt of rent from the assignee. In Smith v. Hiver, (2 Barb. 180,) there was an express agreement for the surrender of the premises under the old lease, and a reletting to the new tenant. In narrower v. Heath, {IQ Barb. 331,) the original agreement was by parol for the cropping of a piece of land on shares, *426 and there was an agreement that a third person' should do the work on the land and take the place of the tenant. In that case Welles, J., says : “ The rule was different as to sealed leases containing express covenants, where the obligations of the lessee under the covenants would, in some cases, continue.” The statutes, (2 D. S. 134,) prohibit the assignment or surrender of a term for more than one year, unless by act or operation of law, or by deed or conveyance. In Smith v. Devlin, (23 N. T. 363,) while the court held that there might be a surrender by parol, of one year unexpired, in a lease which had been for a larger period, it is conceded that if the term was for more than a year no such surrender could be by parol.
[First Department, General Term, at New York,
January 6, 1873.
Ingraham and Fancher, Justices.]
There was no evidence to warrant the finding of a surrender to the plaintiff by his tenant, and on this point the verdict is against the evidence. The motion for a new trial should have been granted; but as it is only as against the evidence, it must be on payment of costs.
Judgment reversed; new trial granted on payment of costs.