THE GERMAN-AMERICAN REAL ESTATE COMPANY, Appellant, *v.*
ADOLPH STARKE, Respondent.

*Covenant of possession in a contract of sale — not merged in the covenant of the deed
subsequently given.*

Where one person contracts with another not only to sell and convey premises
by warranty deed containing full covenants, but also, upon a specified date, to
give full possession thereof, except as against his own privilege of occupancy,
there exists a covenant to put the purchaser in possession of such property as
against the whole world except the covenantor.

Such covenant is not necessarily merged in the covenants contained in a deed of
the premises subsequently delivered, and, upon a breach thereof, the grantee
may recover damages from the contracting vendor.

APPEAL by the plaintiff, The German-American Real Estate
Company, from a judgment of the Supreme Court in favor of the
defendant, entered in the office of the clerk of the county of Kings
on the 30th day of March, 1894, upon the verdict of a jury
rendered after a trial at the Kings County Circuit, and also from an
order made on the 21st day of March, 1894, and entered in said
clerk's office, denying the plaintiff's motion for a new trial made
upon the minutes.

*Hector M. Hitchings*, for the appellant.

*Henry A. Monfort*, for the respondent.

PRATT, J. :

In my view the plaintiff was entitled to recover *some* damages
on this testimony. Starke covenanted with Scheurtz not only to sell
and convey the premises by warranty deed containing full covenants
on May 26, 1892, but *then*, except as against his own privilege of
occupancy until July 1, 1892, to give "full possession." I interpret
this as a covenant to put Scheurtz *in possession* as against all the
world except himself. This covenant was not necessarily merged
in the covenants contained in the deed subsequently delivered. If
it was waived or surrendered, it was because of the intention of the
parties to the deed. (See *Disbrow* v. *Harris*, 122 N. Y. 362.) But
there was no such intention. The testimony will not justify any
such inference. The only suggestion favoring such a motive on

the part of Scheurtz lies in the fact that Suydam, being in possession of part of the premises, would be liable for rent as a tenant, or for use and occupation, which rent or use and occupation would inure to Scheurtz as grantee under the deed. But that is met and refuted by the attitude of both Starke and Scheurtz, and his assigns. For Starke always claimed that Suydam had no *right* to occupy at all, and the plain fact is that Scheurtz and his assigns bought the land only to cut it up into lots and sell them with *full possession* as a short speculation. Plaintiff was, therefore, entitled to something for breach of this preliminary covenant. But this point was not definitely presented to the court on the trial. He was entitled to recover something, but he asked for no such instruction, and the verdict was against him on other issues submitted to the jury; he was in the position of *Wilson* (64 Barb. 431), and, for aught that I can see, must abide by the same terms.

Then came the deed with its covenants for quiet enjoyment and title. I do not see that there was any misdirection upon the questions arising under the covenants of the deed. The whole case, therefore, as it seems to me, discloses a right of recovery for breach of the preliminary covenant to deliver possession as against all the world, including Suydam. But, since plaintiff did not ask for any such instruction, he really did not present that point to the court unless by his motion for a new trial. I think that motion did involve that point, whether he fairly presented it or not. On the whole, I think he was entitled to a new trial, to the end that he might recover something for breach of the preliminary covenant to deliver possession at the time of the delivery of the deed, but on the same terms as in *Wilson* v. *Lester* (*supra*). Perhaps his damages in that regard would be limited to the reasonable cost of ejecting Suydam, if he was ejectable, and to the reasonable value of the use and occupation of the premises while he remained in possession. He might also recover further damages on the covenants of the deed if the jury find that he held as a tenant under Starke. I do not see that there was any such disclosure of the purpose of the purchaser in the first instance as to have brought the speculative profit of the contract or expenses of advertisement for sale, etc., into contemplation of the parties as damages for breach of this *preliminary* covenant to deliver possession. Then came the damages dependent

upon the question of fact as to the nature of Suydam's holding. If he was a tenant under Starke the rules laid down by the learned trial judge would seem to apply. Their application was for the jury. If he was not a tenant under Starke, but a mere squatter, the damages for breach of the preliminary covenant would be the limit of recovery. But that was for the jury under proper instructions.

Upon the whole it seems that the first point of the case, plaintiff's right of recovery for breach of the preliminary covenant for possession, was not squarely presented to the trial court. Hence, the plaintiff's motion for a new trial ought to have been granted, but only on payment of costs as in *Wilson* v. *Lester*. He is, therefore, entitled to a new trial, with costs of this appeal, provided he shall stipulate to pay and shall pay the costs of the trial, including disbursements. Otherwise the judgment should be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., concurred in reversal but voted for a new trial.

Judgment and order denying motion for new trial reversed and new trial granted, with costs of appeal to the appellant upon his stipulating within twenty days to pay costs of trial and disbursements; in default of such stipulation judgment is affirmed, with costs.