## CASEY v. WHEATON et al.

(Supreme Court, Appellate Division, Third Department.  May 7, 1913.)

1. LANDLORD AND TENANT (§ 208*) — LEASE — ASSIGNMENT — LIABILITY FOR RENT.

Where defendants leased certain business property for a term of years, agreeing not to sublet or assign the premises or any part thereof without the written consent of the landlord, that plaintiff accepted rent from persons to whom the lessees attempted to transfer the lease by assignments indorsed thereon, to which the landlord did not consent in writing, and to which he testified that he never verbally consented, did not relieve the tenants from liability for rent accruing and unpaid after the alleged transfer.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. § 208.*]

2. JUDGMENT (§ 708*)—EFFECT AS AGAINST THIRD PERSONS.

In an action by a landlord against lessees to recover rent in arrear, which accrued after certain alleged assignments, a judgment roll in an action between the assignee, to whom one of the lessees, having acquired the interest of his colessee, sold his store stock, and a tenant, by which the assignee sought to be released from the purchase for misrepresentation, to which action the landlord was not a party, was inadmissible for the purpose of contradicting one of the witnesses on a collateral matter.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 708.*]

3. APPEAL AND ERROR (§ 120*)—APPELLATE DIVISION—JURISDICTION—WEIGHT OF EVIDENCE.

The Appellate Division has power to review the action of the County Court in reversing a judgment of a justice court, entered on a verdict of no cause of action, and ordering a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 840–862, 864, 865; Dec. Dig. § 120.*]

Appeal from Tompkins County Court.

Action by Michael Casey against Armond E. Wheaton and another. From an order and judgment of the Tompkins County Court in favor of plaintiff, reversing a judgment entered on a verdict of no cause of action rendered in the City Court of Ithaca, and ordering a new trial, defendant Wheaton appeals.  Affirmed.

See, also, 139 N. Y. Supp. 1119.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. J. McGuire, of Ithaca, for appellant.
Willard M. Kent, of Ithaca, for defendant Perry.
Bert T. Baker, of Ithaca, for respondent.

LYON, J. In October, 1908, the plaintiff leased his store in the city of Ithaca to the defendants, who were then conducting a merchant tailoring business therein, for the term of five years, to commence February 1, 1909, at $75 per month, payable in advance, the lease providing that the defendants should not "let, sublet, sell, or assign over said premises or any part thereof without the written consent of the party of the first part." On January 4, 1909, the defendants dissolved their said copartnership; Perry transferring to Wheaton all his interest in the partnership business, Wheaton to pay all firm debts, and Perry to work for Wheaton in the business for one year.

The monthly rent due July 1, 1912, was not paid, and immediately thereafter this action was brought. Both defendants answered, alleging an assignment of the lease by Perry to Wheaton January 4, 1909, with the knowledge and consent of the plaintiff, and the receipt thereafter of the monthly rentals from Wheaton individually, and that thereby defendant Perry was discharged from all obligation under the lease, and that in September, 1911, plaintiff consented to a transfer of the lease from Wheaton to one Griffin, and that defendant Wheaton made such transfer, and that thereafter, up to and including the month of June, 1912, plaintiff accepted from Griffin or his representatives the monthly rentals, and thereby discharged defendants from all liability under the lease.

The issues were tried before a jury in the City Court of Ithaca, and a verdict rendered of no cause of action, and a judgment entered thereon, from which the plaintiff appealed to the Tompkins County Court, which reversed the judgment of the City Court, with costs, and ordered a new trial in City Court at a specified date. From such judgment and order of reversal the defendant Wheaton only appealed to this court. A memorandum of decision by the county judge is found at page 104 of the case.

[1] The decision was correct, and the judgment and order appealed from should be affirmed, with costs. There was no claim made upon the trial that the monthly rent due July 1, 1912, has been paid by any one; but the defendants sought to avoid liability upon the part of defendant Perry upon the ground that Perry had assigned his interest in the lease to Wheaton, and that the plaintiff had accepted Wheaton as the lessee, and to escape liability upon the part of both defendants upon the ground that Wheaton had thereafter assigned the lease to one Griffin, with the knowledge and consent of plaintiff, and that the plaintiff had accepted Griffin as the tenant and received rentals from him. The evidence of an assignment of the lease by Perry to Wheaton is an indorsement upon the back of the lease: "Transferred to A. E. Wheaton, Jan. 1, '09. L. C. Perry"—and of an assignment to Griffin, likewise indorsed on the lease: "Transferred to George Griffin, Sr., Sept. 2, 1911. A. E. Wheaton." It nowhere appears that the plaintiff consented in writing to any of the alleged transfers of the lease, and he denies that he even verbally consented

thereto.   The evidence is insufficient to establish his consent thereto, and that he agreed to accept the alleged assignee as his tenant, or to look to him for the payment of the rent and release the defendants, or either of them, or that there was any consideration therefor.

[2] All through the trial there were erroneous admissions of evidence under the objection of plaintiff's attorney.   One of the most marked was the admission of the judgment roll in the Supreme Court action of said Griffin against defendant Wheaton, to which the plaintiff herein was not a party, in which the subject at litigation was whether Griffin should be released from an agreement to purchase the stock of goods in the leased store upon the ground of misrepresentation upon the part of Wheaton as to the quantity and quality of the goods in the store and as to the amount of the unpaid bills, and as to whether the agreement of purchase was afterwards rescinded.   This judgment roll was admitted in evidence under plaintiff's objection, then allowed by the court to be withdrawn, then reintroduced by defendant "for the purpose of contradicting this witness, his appearance, his attitude, and what he has sworn to, and the whole phase of the witness."   Plaintiff objected, and the court received it "for the purpose of refuting only the questions testified to by Mr. Griffin," which at best were merely collateral, to which plaintiff excepted.·

[3] Upon the argument of this appeal there was some discussion as to the power of the Appellate Division to review the decision of the County Court to the effect that the verdict was against the weight of evidence.   We held in Kilts v. Neahr, 101 App. Div. 317, 91 N. Y. Supp. 945, that this court has the power to review the action of the County Court in refusing to exercise its discretionary power to grant a new trial in an action ·brought in justice's court, and that decision does not seem to have been questioned.

The judgment and order appealed from should be affirmed.   All concur.