HALBE v. ADAMS et al. (No. 1.)

(Supreme Court, Appellate Division, First Department. April 14, 1916.)

1. PLEADING ⬤⟹8(1)—ALLEGATIONS—CONCLUSION OF LAW.
   Conclusions of law in a pleading add nothing to it, as its validity must be determined from the facts set forth.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12, 25, 28; Dec. Dig. ⬤⟹8(1).]

2. LANDLORD AND TENANT ⬤⟹208(1)—RENT—LIABILITY OF LESSEE AFTER ASSIGNMENT.
   That, under a lease permitting its assignment by lessees to a corporation to be organized to carry on their business, the corporation was formed three years thereafter, and assumed lessees' liabilities, and paid the rent until it consolidated with another corporation, which in turn paid it, and that lessor received such rent, does not show a valid release of lessees from their covenant to pay stipulated rent.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 821, 830, 831; Dec. Dig. ⬤⟹208(1).]

3. LANDLORD AND TENANT ⬤⟹208(1)—RENT—LIABILITY OF LESSEE AFTER ASSIGNMENT.
   Neither the consent of a landlord to the assignment, nor his acceptance of rent from the assignee of the original tenant, releases the latter from his covenant to pay the rent.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 821, 830, 831; Dec. Dig. ⬤⟹208(1).]

4. LANDLORD AND TENANT ⬤⟹208(1)—RENT—LIABILITY OF LESSEE AFTER ASSIGNMENT.
   To release a lessee from liability for rent after assignment of his lease, an agreement, express or implied, releasing him, must appear.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 821, 830, 831; Dec. Dig. ⬤⟹208(1).]

5. PLEADING ⬤⟹345(2)—JUDGMENT—PLEADINGS, WHEN PROPER.
   Only where the truth or falsity of facts alleged is unmistakably within the knowledge of the adverse party may his denials of any knowledge or

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

information sufficient to form a belief thereof be treated as a nullity, and judgment on the pleadings granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1056; Dec. Dig. ☜345(2).]

6. PLEADING ☜35—NECESSITY OF PROOF—CONCLUSIONS OF LAW.

Allegations which are mere conclusions of law may be treated as immaterial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80; Dec. Dig. ☜35.]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by William A. Halbe against Samuel Adams and another. From an order (155 N. Y. Supp. 995), denying motion for judgment on the pleadings, defendants appeal. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Jno. J. Adams, of New York City, for appellants.

George H. Taylor, Jr., of New York City, for respondent.

McLAUGHLIN, J. This appeal is from an order denying defendants' motion for judgment on the pleadings. Section 547, Code of Civil Procedure.

The action is brought to recover $1,500 rent claimed to be due under a written lease. The complaint alleges that the plaintiff is the devisee of one Charles Halbe, who, on February 4, 1897, by an instrument in writing, leased to the defendants certain real estate in the city of New York for a term of 26 years from the 1st of May of that year, the defendants covenanting to pay to him, his executors, administrators and assigns the rent reserved in installments in advance on the 1st day of each month; that the lessees entered into possession and that Charles Halbe, and since his death the plaintiff, has at all times performed the terms and conditions to be performed by the lessor, but defendants have failed to pay the installment of rent which fell due on the 1st of March, 1915.

The defendants, by their amended answer, admit the making of the lease referred to in the complaint; that they entered into possession of the premises, and that the rent sued for has not been paid; but put in issue the allegation of performance on the part of the plaintiff and his predecessor and the nonperformance by the defendants. Three separate defenses are then set forth, only one of which need be considered. This defense is to the effect that at the time of the execution of the lease the defendants were copartners carrying on a dry goods business under the name of Adams & Co.; that they then contemplated the forming of a corporation to take over their business, which involved the acquisition, either by purchase or leasing for a long term, lands of Charles Halbe, for the erection of a large department store thereon by such corporation when formed, and the assumption by it of all the assets and liabilities of the defendants, including those acquired and incurred in getting such property; that this purpose was communicated

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to Charles Halbe, who assented thereto, and the lease was then executed by the defendants; that it contained the usual covenant against assignments of the same without the written consent of the lessor, but also contained the following provision:

"And whereas, the said lessees contemplate the organization of a corporation which shall carry on the business which they design to conduct on the premises hereby demised, the lessor now hereby consents that in that event the lessees may assign this lease to such corporation when formed."

Then follow allegations that on July 11, 1900, the Adams Dry Goods Company was incorporated and took over the assets and assumed the liabilities of the defendants; that on July 18, 1900, they assigned the lease to the corporation, which accepted the same, entered into possession of the premises, and proceeded to construct a department store according to plans approved by Charles Halbe, and thereafter paid the rent stipulated to be paid to him and performed the other terms of the lease to be performed by the lessee. It is further alleged that on July 25, 1906, the Adams Dry Goods Company was consolidated with another corporation under the name of the O'Neill-Adams Company, which, after such consolidation, took over the assets and assumed the liabilities of the Adams Dry Goods Company, and that Charles Halbe received the rent from it. Then follow other allegations, mostly conclusions of law, which do not, as it seems to me, add anything to the defense attempted to be set forth—e. g., it is alleged that it was "the general purport and intent" of the lease that the defendants should continue in the relation of lessee to Charles Halbe only until the incorporation of the Adams Dry Goods Company and the assignment of the lease to it; that Charles Halbe should and did accept the latter as tenant; that thereafter he accepted the O'Neill-Adams Company as tenant, as did also the plaintiff, which constituted a novation, and defendants were thereby released.

[1-4] It is unnecessary to cite authorities to the effect that the conclusions of law in a pleading add nothing to it. Its validity must be determined from the facts set forth, and not from legal conclusions drawn therefrom by the pleader. When the answer here under consideration is thus tested, I do not think the facts set forth establish a valid defense to the cause of action set out in the complaint, since it does not show a valid release of defendants from their covenant to pay the rent stipulated to be paid. It has long been settled that neither the consent of a landlord to the assignment of a lease, nor the acceptance of rent from an assignee of the original tenant, releases the latter from his covenant to pay the rent. Casey v. Wheaton, 157 App. Div. 140, 141 N. Y. Supp. 985; Ettlinger v. Kruger, 146 App. Div. 824, 131 N. Y. Supp. 436; Ranger v. Bacon, 3 Misc. Rep. 95, 22 N. Y. Supp. 551; Wilson v. Lester, 64 Barb. 431; House v. Burr, 24 Barb. 525; Jackson v. Brownson, 7 Johns. 227, 5 Am. Dec. 258. Something more than this must be shown. It must appear, in addition thereto, that there was an express agreement by which the lessee was released from his covenant to pay the rent, or facts shown from which such agreement can be implied. Here it is not claimed there was any express agreement to release the defendants, nor are facts set forth

from which, I think, such agreement can be inferred. It may be assumed that Charles Halbe was informed of the defendants' purpose to form a corporation for the purposes stated, and that he consented to the assignment of the lease to that end. But, even so, it does not follow that he thereby consented to or did release the defendants from their covenant to pay the rent.

Nor do I think Van Schaick v. Third Avenue R. R. Co., 49 Barb. 409, is an authority to the contrary. That was not an action to hold the original lessee, but a suit in equity to compel a corporation subsequently formed to perform the covenants of the lease. The liability of the original lessee on his covenant was not brought in question. It appeared that the original lessee took the lease under an express trust, evidenced by a written instrument that the lease was to be for the benefit of a corporation to be thereafter formed. The corporation was formed, and the lessee turned over the lease to it, as he had agreed to do. The court held that the testimony satisfactorily established an implied agreement on the part of the corporation to pay the rent, that the lease was executed for its benefit, and that, as between Van Schaick and the corporation, the former was a mere trustee and the latter was to pay the rent. On appeal, the case was affirmed by the Court of Appeals (38 N. Y. 346), it holding, as appears by the headnote, that the whole case showed that the original lessee acted as agent or trustee only for the benefit of his associates and not as the beneficial lessee of the premises; hence the liability of the corporation. There is not a suggestion in either opinion, so far as I have been able to discover, that, had an action been brought by the landlord against the lessee on his covenant to pay, a recovery could not have been had.

In the case now before us it appears that more than three years elapsed between the making of the lease and the formation of the Adams Dry Goods Company, during which period the defendants had the beneficial enjoyment of the demised premises and paid the rent stipulated.

[5, 6] But if it be assumed that the defense considered is sufficient in law, which I do not think it is, nevertheless the motion for judgment on the pleadings was properly denied. Issues are raised by denials in the reply, which can only be disposed of by a trial. It is only where the truth or falsity of facts alleged is unmistakably within the knowledge of the adverse party that his denials of any knowledge or information sufficient to form a belief thereof can be treated as a nullity and judgment on the pleadings granted. Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328. It is true that the reply contains certain denials of matters set up in the answer, as to the truth or falsity of which the plaintiff must unmistakably have knowledge, for instance, the provisions of the lease, and as to such they do not raise an issue; but there are other denials, which are good, and do, as stated, raise an issue. The plaintiff, as before stated, is the devisee of the original lessor, Charles Halbe, and the latter's knowledge cannot be imputed to him. The denial of any knowledge or information sufficient to form a belief as to such allegations is sufficient to put the defendants to their proof. Allegations which are mere conclusions of law may be

treated as immaterial. Knapp v. City of Brooklyn, 97 N. Y. 520; Jordan v. National Shoe & Leather Bank, 74 N. Y. 467, 30 Am. Rep. 319.

I think the motion was properly denied. It follows, therefore, that the order appealed from is right, and should be affirmed, with $10 costs and disbursements.

CLARKE, P. J., and SMITH and DAVIS, JJ., concur.

DOWLING, J. (dissenting). I dissent, upon the ground that under the allegations of the answer, either admitted or not properly put in issue by the form of the reply thereto, it sufficiently appears that both lessor and lessees, at the time of the execution of the lease and by a fair reading of its terms, contemplated that a corporation was to be formed to carry on the business of the individual lessees, and that, when formed, it was to succeed to the business, take possession of the demised premises, and assume all the liabilities thereunder, including the payment of rent. Nor does plaintiff make any adequate denial of the allegation that he continued in all respects to recognize and treat the O'Neill-Adams Company as tenant under the lease until March 1, 1915.

For these reasons I favor a reversal of the order appealed from, and the granting of defendant's motion for judgment on the pleadings.

