GEORGE H. WERFELMAN and DIEDRICH WERFELMAN, Appellants, *v.* HENRY C. QUICK and JOHN G. SCHOENLEBER, Respondents, Impleaded with WILLIAM H. WERFELMAN, Defendant.

First Department, May 5, 1919.

**Landlord and tenant — action for rent — pleading — complaint — answer — payment not provable under general denial of allegation of non-payment — defenses — assignment of lease with knowledge and consent of landlord — new agreement with assignee of subtenant — permitting premises to be used as disorderly house.**

Where in an action to recover rent under a written lease in which the defendants covenanted not to assign the lease without the consent of the landlord, the answer, after denying upon information and belief the allegation of non-payment in the complaint, alleged three separate defenses: *First*, that the defendants had assigned the lease with the knowledge and consent of the plaintiffs and that the assignee had entered into full possession and paid the rent; *second*, that said assignee assigned his interest in the lease and that plaintiffs subsequently and prior to the commencement of this action entered into a new agreement with the tenants then in possession; and *third*, that for a period commencing prior to the months for which rent is claimed the tenants in possession, with the knowledge and acquiescence of the plaintiffs, conducted the premises as a disorderly house as a violation of law, a motion by the plaintiffs for judgment on the pleadings should be granted.

New matter by way of defense must be alleged as a defense.

Payment cannot be proved under a general denial of the allegation of non-payment.

Neither the consent of a landlord to the assignment of a lease nor the acceptance of rent from an assignee of the original tenant releases the latter from his covenant to pay rent unless there is an express agreement by which the lessee is released from his covenant or facts shown from which such agreement can be implied.

The second separate defense would have been sufficient had it been alleged that the new agreement was inconsistent with the terms of the original lease and was entered into prior to the time the rent sued for became due.

The third defense was insufficient because of the failure to plead that the premises became disorderly or continued to be so during the term of the lease sued upon.

APPEAL by the plaintiffs, George H. Werfelman and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the

county of New York on the 3d day of February, 1919, denying their motion for judgment on the pleadings, consisting of a complaint and answer thereto.

*Isidor Enselman* of counsel [*Myron Sulzberger,* attorney], for the appellants.

*William H. Hatfield, Jr.,* for the respondents.

SMITH, J.:

The action is one to recover rent under a written lease. The complaint alleges the making of the lease, which is annexed to the complaint and made a part thereof, and the failure of defendants to pay the rent for the months of July, August, September and October, 1918, amounting to $3,300, for which sum judgment is demanded. The lease, after reciting a previous lease of the same premises between the parties, providing for an extension, and that this lease is entered into for the purpose of carrying out the extension agreement, demises the premises to defendants for a term commencing October 1, 1917, and ending October 1, 1922, at a rental of $9,900 per annum, payable in equal monthly payments on the first of each month, in advance, together with taxes. The defendants herein covenanted to pay such rent, in the manner therein set forth, and not to assign the lease without the consent of the landlord.

The answer consists of what purports to be a denial of the allegation of non-payment, and three separate defenses.

The denial alleges that prior to the time when the rent alleged to be due and unpaid accrued, the defendants Quick and Schoenleber assigned all their right, title and interest in and to the lease to the defendant Werfelman, and that the said assignee, or the persons to whom he assigned or sublet, were in possession during the time when the rent sued for accrued, and, upon information and belief, that the persons in possession paid plaintiffs some rental for that period, but that defendants have no knowledge or information sufficient to form a belief as to whether the persons in possession paid the rent in full or not, and defendants, therefore, deny that the rent has not been paid.

It is apparent that this paragraph of the answer amounts

simply to a denial upon information and belief of the allegation of non-payment in the complaint. It is not alleged by way of defense, and, therefore, is insufficient, as the Code provides that new matter by the way of defense must be set up as a defense, and the cases have uniformly held that payment cannot be proved under a general denial of the allegation of non-payment. The complaint in this action alleges that *the defendants* have failed to pay the rent, and there is no denial in the answer of that specific allegation.

As a first separate defense, defendants allege that on January 23, 1911, defendants Quick and Schoenleber assigned their right, title and interest in the lease to defendant Werfelman, with the knowledge and consent of the plaintiffs; that Werfelman entered into full possession of the premises, and, upon information and belief, was duly accepted as a tenant thereof by the plaintiffs, and remained in possession for a considerable time and paid the rent, by reason whereof defendants Quick and Schoenleber were discharged from any further liability or responsibility under the lease.

The second defense goes a step further and alleges that the defendant Werfelman, the alleged assignee of the lease, in turn assigned his interest in the lease to some other person or persons (not named), and that upon information and belief, plaintiffs subsequently, and prior to the commencement of this action, entered into a new agreement with the tenant or tenants then in possession for the rental of the premises referred to in the said lease, and in lieu thereof.

The third defense is that for a period commencing long prior to the times mentioned in paragraph 2 of the complaint (the months for which rent is claimed) the tenants in possession of the premises, with the knowledge and acquiescence of the plaintiffs, conducted the premises as a disorderly house, in violation of law; that plaintiffs, notwithstanding complaints and notices to that effect, failed to make any efforts to remedy said condition, but permitted the conduct of the business therein conducted with full knowledge of the nature thereof, as a result of which the lease became null and void.

Taking up the first separate defense above set forth, it appears that the law in reference to an assignment of a lease and acceptance of rent from the assignee by the landlord,

in so far as it affects the liability of the original tenant, has been stated by this court to be as follows: " It has long been settled that neither the consent of a landlord to the assignment of a lease, nor the acceptance of rent from an assignee of the original tenant releases the latter from his covenant to pay the rent. [Citing cases.] Something more than this must be shown. It must appear, in addition thereto, that there was an express agreement by which the lessee was released from his covenant to pay the rent, or facts shown from which such agreement can be implied. Here it is not claimed there was any express agreement to release the defendants, nor are facts set forth from which, I think, such agreement can be inferred. It may be assumed that Charles Halbe [plaintiff's assignor] was informed of the defendants' purpose to form a corporation for the purposes stated, and that he consented to the assignment of the lease to that end. But even so, it does not follow that he thereby consented to or did release the defendants from their covenant to pay the rent." (McLAUGHLIN, J., in *Halbe* v. *Adams, No. 1*, 172 App. Div. 186.)

In the case just cited the lease was made by plaintiffs' predecessor with Adams and Flanigan, personally. It was alleged that the lease was made in contemplation of the formation of a corporation to take over the business owned by the defendants, and that it contained a covenant against assignment without consent of the landlord, and also the following provision: " And whereas the said lessees contemplate the organization of a corporation which shall carry on the business which they design to conduct on the premises hereby demised, the lessor now hereby consents that in that event the lessees may assign this lease to such corporation when formed."

It is to be noted that in that case this court held that even where the lease was executed with the understanding that it was to be assigned by the tenants, nevertheless the original tenants were not released from their covenant to pay rent. In the case at bar there is a further allegation, viz., that the assignee was duly accepted as a tenant by the plaintiffs. In the *Halbe* v. *Adams* case the opinion states that it was alleged: " that it was ' the general purport and intent ' of

the lease that the defendants should continue in the relation of lessee to Charles Halbe only until the incorporation of the Adams Dry Goods Company and the assignment of the lease to it; that Charles Halbe should and did accept the latter as tenant; that thereafter he accepted the O'Neill-Adams Company as tenant, as did also the plaintiff, which constituted a novation, and the defendants were thereby released." The opinion stated that such allegations were conclusions of law, and added nothing to the defense. In the case at bar there are no facts alleged from which it appears that the plaintiffs did accept the assignee as a tenant, other than the consent to the assignment and the acceptance of rent, which the *Halbe* case held insufficient to release the original tenants. This court held to the same effect in *Ettlinger* v. *Kruger* (146 App. Div. 824), laying stress on the fact that it was not shown that the assignee ever became obligated by assuming the lease. In the case at bar it is not contended that the lessee assumed the lease, or became bound by it. Under the decisions the landlord could have claimed against him because of privity of estate, but there was no privity of contract alleged which would act as an acceptance by plaintiffs of a surrender by the defendants.

The second separate defense is subject to the same criticism as the first, except as to the allegation that plaintiffs entered into a new agreement with the assignee or assignees of the defendant Werfelman. This would be a sufficient defense had it been alleged that this agreement was inconsistent with the terms of the original lease and was entered into prior to the time the rent sued for became due. Defendants were careful not to allege that the assignment by Werfelman to the unknown persons took place prior to the accrual of the rent sued for, but merely alleged that the agreement entered into between plaintiffs and such unnamed persons was entered into prior to the commencement of this action.

The difficulty with the third defense is the failure to plead that the premises became disorderly or continued to be so during the term of the lease sued upon. It is alleged that this condition existed long prior to the time when the rent sued upon accrued, and that as a result the lease, if it then existed, became void by reason thereof. It may be that

defendants intended to plead that the condition was brought about by the tenants who took possession under the assignment by Werfelman, but they have failed to do so.

The motion for judgment on the pleadings should have been granted, but with leave to defendants to serve an amended answer properly pleading their defenses upon payment of costs after notice and the costs upon this appeal.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with leave to amend as above set forth, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendants to serve an amended answer on payment of said costs.