THE CITY OF NEW YORK, Respondent, *v.* ISAAC T. FLATTO and Others, Appellants.

First Department, December 27, 1935.

694

I. T. *Flatto* of counsel [*Albert E. Hart* with him on the brief; *I. T. Flatto*, attorney, appellant in person; *Thomas E. White*, attorney for appellant Fidelity and Deposit Company of Maryland], for the appellants Flatto and another.

*James E. Duross* of counsel, for the appellant Kittanning Sales Company, Inc.

*Edmund L. Palmieri* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the respondent.

MERRELL, J.   Plaintiff brought this action to recover rent under a written lease executed by plaintiff, The City of New York, to the defendant Isaac T. Flatto, whereby certain lands under water, between West Two Hundred and Third and West Two Hundred and Fifth streets on the Harlem river, owned by the city, were leased to the defendant Flatto for a term of years at a stipulated rental.   The present action is brought by the city to cover rent due from December 1, 1928, to December 1, 1930.   The defendant Fidelity and Deposit Company of Maryland was the surety on the lease.   Upon application of the defendant Flatto the defendant Kittanning Sales Company, Inc., to whom Flatto claims he assigned the lease in question, was brought into the action as a party defendant.   In August, 1928, Flatto was the owner of two parcels of real property intersected by West Two Hundred and Fourth street and extending from West Two Hundred and Third street to West Two Hundred and Fifth street.   The eastern boundary of Flatto's property abutted on the Harlem river and adjoined the leased land under water.   Flatto also owned certain riparian rights affecting the land under water to the east of his property and in addition he also possessed certain special riparian rights derived from the so-called Butterly agreement.   This agreement was between one Butterly, a predecessor in interest of the defendant Flatto, as owner of the uplands, and the city, as owner of the lands under the waters of the Harlem river, and established the high-water line in front of the premises.   As a part of the agreement the city was to dredge enough land to produce a depth of fifteen feet at mean low-water mark.   The rights of the defendant Flatto under the Butterly agreement were released to the city at the time and are a part of

the lease in question. In August, 1928, the defendant Flatto was negotiating for the sale of the uplands to the defendant Kittanning Sales Company, Inc., and for a lease of the lands under water from the city of New York. On August 21, 1928, the defendant Flatto entered into a contract to transfer the lease and to convey the uplands to the defendant Kittanning Sales Company, Inc. Shortly prior thereto and on August 15, 1928, the commissioners of the sinking fund, in response to the efforts of the defendant Flatto, adopted a resolution approving of the lease to be entered into with him. In Flatto's contract to sell to Kittanning Sales Company, Inc., the uplands and his rights under the lease in question, said resolution was specifically referred to and, after a recital to the effect that the lease had not yet been executed in conformity with the resolution, " the details, however, of which have been explained to the purchaser," it was therein provided that the rights of Flatto in the lease were to be assigned to the purchaser, Kittanning Sales Company, Inc. Thereafter the matter was consummated and on September 18, 1928, the lease in question was entered into between the city and the defendant Flatto. Concurrently and as a part of the same transaction, the defendant Flatto released to the city his riparian rights and his special riparian rights under the Butterly agreement. On September 20, 1928, title to the upland property was conveyed by Flatto to the Kittanning Sales Company, Inc., the deed being recorded the day following, on September 21, 1928. At the time of this conveyance of title, Flatto assigned to the Kittanning Company the lease which is the subject of the present action. At the same time as the delivery of the assignment of the lease, Flatto also executed and delivered an instrument wherein he referred to his lease with the city and, particularly to the clause therein contained to the effect that said lease would not be assigned without the consent of the commissioner of docks and the approval thereof by the board of commissioners of the sinking fund. The instrument recited that in consideration of the grantee in the deed and the assignee of the lease (Kittanning) taking title to the premises and the lease on that day and paying over the consideration of $175,000, Flatto represented that he could obtain the consent and approval required for the assignment of the lease prior to December 1, 1928. On October 26, 1928, the defendant Flatto was billed by the department of docks for the rent of the leased property for three months. This bill was paid by the Kittanning Company " for a/c I. T. Flatto." At no time did the defendant Flatto pay any rent, but the Kittanning Company paid the city, in all, $927.70 on the rent bills for the property covered by the lease. On January 23, 1929, the commissioners of the sinking fund approved of the assignment

of the lease by the defendant Flatto to the defendant Kittanning Sales Company, Inc., *subject, however, to the consent of the Fidelity and Deposit Company, the surety,* to the assignment, and subject also to the approval of the form of the assignment by the corporation counsel of the city. Neither of these instruments contemplated in the resolution of the commissioners of the sinking fund was ever executed. While it is true that the commissioners of the sinking fund approved of the assignment, nevertheless, the lease itself permitted the assignment only upon condition that it would be with the consent in writing of the commissioner of docks and the approval of the board of commissioners of the sinking fund. The commissioners of the sinking fund gave their approval to the assignment of the lease by Flatto, *subject to the consent of the surety.* These conditions were never met. The conditions which had to be met by the express terms of the lease before Flatto could make the assignment thereof were never complied with, and it is, therefore, impossible to spell out a surrender thereof. Even though the assignment was made with the consent of the landlord, the lessee-assignor is still liable. (*Gillette Bros.* v. *Aristocrat Restaurant,* 239 N. Y. 87; *Halbe* v. *Adams,* 172 App. Div. 186.) On November 9, 1928, Flatto wrote the department of docks, stating: " My name is signed to the original lease, and as far as I am concerned, I am perfectly willing to remain responsible for the payment of rent." This clearly shows that Flatto appreciated that he was still liable for the payment of the rent, notwithstanding the alleged assignment of the lease to the Kittanning Sales Company, Inc.

At the closing of title between Flatto and the Kittanning Sales Company, Inc., Flatto claimed that he had executed the lease with the city the day before. He was asked to produce the lease, and refused to do so, and had no copy with him. He refused to postpone the closing of title, and stated that he had come there to tender a deed, and that unless the same was accepted he would hold the Kittanning Sales Company, Inc., in default on its contract. Thereupon title was closed and the deed was delivered to Kittanning together with an assignment of the lease with the city and the agreement by Flatto to procure from the city a consent to the assignment of the lease. On January 23, 1929, the commissioners of the sinking fund passed the resolution approving of the assignment of the lease to the Kittanning Sales Company, Inc., *subject to the consent of the Fidelity and Deposit Company of Maryland, and subject to the approval of the form of assignment by the corporation counsel of the city of New York.* There never was any consent to the assignment of the lease from the Fidelity and Deposit Company obtained by Flatto. In November, 1930, the commissioner of

docks took the position that there had been no valid assignment of the lease. In the original complaint herein the city made no claim against the Kittanning Sales Company, Inc., but on the trial the complaint was amended so as to seek affirmative relief on the part of the plaintiff against said defendant. At the close of the trial the court first dismissed the complaint as against the Kittanning Sales Company, Inc., on the merits, but later amended the judgment in favor of plaintiff, granting judgment against the defendants Flatto, Fidelity and Deposit Company of Maryland, and Kittanning Sales Company, Inc., in the sum of $4,725.80, including interest and costs.

It is the contention upon this appeal by the defendant Flatto and his surety, the Fidelity and Deposit Company of Maryland, that the plaintiff continued in possession of the property after September 1, 1928, and collected rent from a tenant, and that, therefore, the plaintiff is estopped from asking rent or taxes from either of the defendants. Such contention is based upon the fact that a permit or license was issued by the commissioner of docks to one Wheat to maintain a houseboat on the Harlem river at the foot of West Two Hundred and Fourth street. Such permit was revocable at will. Wheat was never, in fact, a tenant of the premises. His presence and that of his houseboat there were not known to Flatto at any time, and no demand was made that said licensee remove from the property. Certainly, the licensee's possession of the property in nowise interfered with the rights therein of Flatto or the Kittanning Sales Company, Inc. There is no evidence showing any interference by the licensee with the right to possession of either Flatto or the alleged assignee of the lease.

It is further contended by the appellant Flatto that the plaintiff could make no lease of the riparian rights and city-owned property, except to the upland owner, and that the transfer of the upland title by Flatto to the Kittanning Sales Company, Inc., and the consent and approval of the assignment of the lease of the city-owned property released him from all claims under the provisions of the lease, which was duly surrendered by operation of law. In taking such position Flatto ignores the fact that the consent and approval of the city to the assignment of the lease was conditional, and that he never complied with the condition, and so did not effect a release of his obligation, if such act had been accomplished. Flatto contends that the Kittanning Sales Company, Inc., became the owner of the property on September 20, 1928, and on the same day accepted an assignment of the lease, and that thereupon all privity of contract and estate was created between plaintiff and the

Kittanning Sales Company, Inc., and that Flatto and his surety were released from any obligation under the lease. Flatto, in taking such position, forgets that his attempted assignment to Kittanning was ineffectual so long as it was made without the consent of the city. Until he complied with such condition, Flatto continued liable under the lease. The Kittanning Sales Company, Inc., contends that under its contract of purchase of August 21, 1928, it became the actual owner in equity of the uplands and the riparian rights of Flatto, and that the city, with notice of such contract, could not acquire from Flatto said rights or validly lease to him the land under water. However, the agreement between Flatto and Kittanning Sales Company, Inc., expressly provided that Flatto was to obtain a lease from the city, and, therefore, the Kittanning Sales Company, Inc., was put on notice of the fact that negotiations were then pending. It was not an innocent purchaser without notice. Flatto was the legal owner, and the city had the right to deal with him.

The basis of the counterclaim of the Kittanning Sales Company, Inc., against the city and said Flatto as alleged is fraud. The Kittanning Company did not show any fraud, and, therefore, the dismissal of said counterclaim was correct.

While the Kittanning Sales Company, Inc., may have a claim against Flatto on his agreement to obtain the city's consent or return the purchase price, that question is not here. The Kittanning Company certainly has no claim against the city of New York.

It is the claim of the Kittanning Sales Company, Inc., that the taking of the assignment of the lease on the closing of title was solely for its protection and security, and that it was in nowise rendered liable for the rent to Flatto or to the city. The assignment from Flatto to the Kittanning Sales Company, Inc., was not an absolute assignment, but was upon condition that the consent of the city thereto be obtained. Until such consent was procured, there was no privity of estate between the city and the Kittanning Sales Company, Inc. Under the terms of the lease itself it was not assignable without the consent of the city. The agreement of Flatto to procure the consent and the city's action in passing upon the application to recognize the assignment conclusively show that the city refused to recognize any privity of estate until there was a compliance with the condition attached to the approval. Such conditions were never complied with, and, therefore, the city has no right of action against the Kittanning Sales Company, Inc. The whole difficulty seems to have arisen out of the consent of the Kittanning Sales Company, Inc., to close the title with Flatto without his having exhibited to it the lease which the city had

given him of the lands under water. There being no privity of contract between the city and the Kittanning Sales Company, Inc., the city cannot recover against the latter. Its acceptance of the assignment from Flatto was conditional. It took the assignment as security and for its protection on the closing. Flatto agreed at that time to procure from the city a consent to the assignment of the lease. This he has never done, and may not, therefore, contend that the Kittanning Sales Company, Inc., assumed any obligations under the lease. The defendant-appellant Flatto is, therefore, not entitled to judgment over as against the defendant Kittanning Sales Company, Inc.

We are of the opinion that the judgment should be reversed as against the defendant Kittanning Sales Company, Inc., with costs to said defendant against the plaintiff and the defendant Flatto; that the complaint and the counterclaim of the defendant Flatto as against defendant Kittanning Sales Company, Inc., should be dismissed, with costs; and that the judgment in other respects should be affirmed, with costs to the plaintiff against the defendant Flatto. The order appealed from by the defendant Kittanning Sales Company, Inc., should be reversed and the motion denied.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment reversed as against the defendant Kittanning Sales Company, Inc., with costs to said defendant against the plaintiff and the defendant Flatto; the complaint and the counterclaim of the defendant Flatto as against defendant Kittanning Sales Company, Inc., dismissed, with costs; and the judgment in other respects affirmed, with costs to the plaintiff against the defendant Flatto. Order appealed from by the defendant Kittanning Sales Company, Inc., reversed and the motion denied. Settle order on notice.