THE CITY OF NEW YORK, Appellant and Respondent, *v.* ISAAC T. FLATTO et al., Appellants, and KITTANNING SALES COMPANY, INC., Respondent and Appellant.

(Argued April 23, 1936; decided May 19, 1936.)

*Paul Windels,* Corporation Counsel (*Edmund L. Palmieri* and *Paxton Blair* of counsel), for plaintiff, appellant and respondent.

*James E. Duross* for defendant Kittanning Sales Company, Inc., respondent and appellant.

*Isaac T. Flatto,* in person, *Albert E. Hart* and *Thomas E. White* for defendants Isaac T. Flatto et al., appellants.

CROUCH, J.   In August, 1928, the defendant Flatto was the owner of two parcels of upland on the Harlem river to which were appurtenant certain riparian rights. On September 18, 1928, the plaintiff leased to Flatto adjoining lands under the river water for a term of years in consideration of a stated rent and the release to the plaintiff by Flatto of his riparian rights.   The defendant Fidelity and Deposit Company of Maryland became surety for Flatto and his assigns on a bond to secure the payment of the rent.   On September 20, 1928, in fulfillment of a contract between them, Flatto deeded the upland and assigned the lease to the defendant Kittanning Sales Company, Inc.   Flatto, as lessee, had covenanted in the lease not to assign it without the consent in writing of the Commissioner of Docks and the approval thereof by the Board of Commissioners of the Sinking Fund. Having closed the deal with the Kittanning Company, on the representation that he could and would procure the necessary consent and approval, Flatto took steps to that end.   He notified the Commissioner of Docks of the assignment and requested him to consent and to obtain the necessary approval.   The Commissioner, after a passing reference to " a technical violation " of the lease because the consent had not been first obtained, asked for and was furnished information showing the financial standing of the assignee.   Satisfied on that point, the Commissioner communicated in writing to the Sinking Fund Commission his recommendation for the approval of the assignment to the Kittanning Company.   The matter was referred to the Comptroller, who thereafter reported back favorably to the Commission.   Thereupon, under date of January 23, 1929, the Commission by resolution

approved the assignment, subject to the consent to the assignment by the surety on the rent bond and the approval by the Corporation Counsel of the form of assignment. Approval of the form was given. The consent of the surety was not. But neither was it refused. The matter seems merely to have been overlooked. It was of no particular importance, since, by the condition of the bond itself, the surety, in case of default either by Flatto or his assigns, was bound. The Kittanning Company paid and the plaintiff received and gave receipts for the rental down to December 1, 1929, after which no payments were made. For a year thereafter the plaintiff pursued the Kittanning Company and Flatto for the past due rent and finally brought this action to recover it.

The trial court gave judgment against all the defendants for the amount due, with judgment over to Flatto against the Kittanning Company. All other issues arising under the various pleadings were dismissed. The Appellate Division reversed so much of the judgment as ran against the Kittanning Company and otherwise affirmed.

The view taken by the Appellate Division was that the assignment of the lease to the Kittanning Company was not an absolute assignment, but was upon the condition that the consent of the plaintiff thereto be obtained; and that such condition had not been met. With that view we disagree. Even if we accept the theory of conditional assignment, the bare outline of the facts stated above shows a substantial performance of the condition and a recognition of such performance both by the city and by the Kittanning Company. The consent in writing by the Commissioner of Docks, after approval of the assignment by the Sinking Fund Commission, was a formality which the plaintiff could and did disregard, in view of the fact that the Commission acted on the written recommendation of the Commissioner of Docks. So, also, as to the consent of the surety, for the reason stated above. The plaintiff, except for one slight lapse, has

consistently sought to hold the Kittanning Company liable as assignee. It is even now, as appellant here, urging error in the contrary holding by the Appellate Division. In effect, it both admits and asserts that it gave its consent to the assignment, disregarding, as it had the right to do, mere irregularities. It is idle for the Kittanning Company to assert the contrary.

The contention of the defendant Flatto, that the assignment of the lease was in fact and in law a surrender thereof, with consequent release of all liability, is untenable. So far as the question is one of fact, it is not open here. That the legal and beneficial ownership of the leasehold necessarily follows the ownership of the upland (if that be so in a case where the riparian rights have been extinguished) does not affect his engagement as original lessee to pay rent. To that extent at least the settled law is applicable. (*Gillette Bros., Inc.*, v. *Aristocrat Restaurant, Inc.*, 239 N. Y. 87; *Halbe* v. *Adams*, 172 App. Div. 186.)

The judgment should be affirmed, with costs, so far as it affirmed the judgment of the trial court, and reversed, with costs, so far as it affected the judgment of the trial court against Kittanning Company in favor of the plaintiff and of the defendant Flatto. (See 271 N. Y. 662.)

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.