THE BOND, MORTGAGE AND SECURITIES COMPANY, Plaintiff, *v.* SURPLUS WHOLESALE CORPORATION, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, April 13, 1937.

*Cardozo & Nathan* [*Sidney B. Cardozo* and *Robert L. London* of counsel], for the plaintiff.

*Max Berkow,* for the defendant.

LYMAN, J. This is an action for rent by an assignee of a lease against a subtenant. The defendant questions the plaintiff's chain of title and sets up affirmatively a plea of surrender and acceptance, and in addition pleads a setoff of the amount deposited as security for the performance of the covenants of the lease.

For the purpose of this decision, the salient facts are that the Laterre Realty Corporation, a lessee, sublet part of the premises in question, at a rental of $225 per month, to the defendant Surplus Wholesale Corporation, from August 15, 1931, to November 29, 1932, which latter period was the expiration date of the lease of Laterre. Subsequent to the entering of this lease, the Laterre Realty Corporation, by an instrument in writing, surrendered its lease to S. Harby Plough, the plaintiff's assignor. Subsequent to the surrender, Plough agreed with the defendant to reduce the rent from $225 per month to $200 per month. The defendant sublet

the premises to one Emma Topper for the term of its lease, passing on the reduction, and the said Emma Topper went into possession and occupied the premises until after the expiration date of the lease. During the occupation of Emma Topper, Plough, the plaintiff's assignor, negotiated with her for a new lease for an additional term of three years, which new lease was never executed. Before the assignment to the plaintiff, Plough collected rent from both the defendant and the defendant's tenant Topper during their occupation.

Defendant claims that the written instrument of surrender, dated April 30, 1932, executed by Laterre and Plough, without the knowledge of the defendant, in effect merged Laterre's estate with that of Plough, and as a result the estate of the defendant was extinguished. The defendant urges that the language of the surrender clearly shows such an intention because specific provision is not made for the estate of the defendant. It appears that Plough knew of the defendant's possession at the time the surrender was executed, and although no provision was made for the defendant's possession in the surrender itself, Plough continued to collect rent not only from the defendant but also the defendant's tenant Topper. From these circumstances it would appear there was never any intention on the part of the parties to the instrument of surrender to extinguish the estate of the defendant, and in determining the effect of the written instrument the actual intention of the parties, as evidenced by the circumstances, governs even the primary meaning of the words in the instrument which might seem to indicate a different intention. (*Becker* v. *Frasse & Co.*, 225 N. Y. 10; *Kottler* v. *New York Bargain House, Inc.*, 242 id. 28.) The recent case of *Metropolitan Life Ins. Co.* v. *Hellinger* (272 N. Y. 24) does not decide otherwise, as that case must be taken to stand for the limited proposition that where the surrender contains express language which keeps alive the subtenant's estate, the estate will not be extinguished. It is true that the court stated that it was not passing on the question of what the obligations might be had there been a mere technical surrender and nothing more. Certainly by that dictum the court did not intend to overrule the long line of cases supporting the proposition that the estate of a third party cannot be extinguished by the surrender of the lease of the third party's lessor, even though no provision was made in the surrender for the estate of the third party. (*Eten* v. *Luyster*, 60 N. Y. 252; *Ashton Holding Co., Inc.* v. *Levitt*, 191 App. Div. 91. See, also, McAdam Landlord and Tenant [5th ed.], § 324.) Defendant contends that this action will not lie for the amount demanded in the complaint because of the agreement to reduce the rent.

The agreement referred to was made prior to the enactment of chapter 281 of the Laws of 1936 (Real Prop. Law, § 279) which expressly provides for the recognition of certain agreements made without consideration. However, at the time of making the agreement in question the lack of consideration as to the executory part would be fatal, and consequently the promise to accept a lesser amount would be unenforcible. (*McKenzie* v. *Harrison*, 120 N. Y. 260; *Coe* v. *Hobby*, 72 id. 141; *Hiltop Sand Corporation* v. *Simpson*, 225 App. Div. 467.)

Defendant urges further that the subsequent conduct of Plough, the plaintiff's assignor, in negotiating for a new lease with Topper, the defendant's subtenant, operated as a surrender and acceptance, thereby extinguishing any rights of the plaintiff's assignor on the lease with the defendant. The lease being negotiated was for a term commencing after the expiration of the original lease and, therefore, was not inconsistent with the recognition of a valid existing lease, and consequently did not show sufficiently a surrender and acceptance. (*Coe* v. *Hobby*, *supra*.) Neither would the acceptance of rent from the subtenant be sufficient to constitute a surrender and acceptance in law. (*Werfelman* v. *Quick*, 187 App. Div. 732; *Halbe* v. *Adams*, 172 id. 186; cited with approval in *City of New York* v. *Flatto*, 271 N. Y. 249.)

The security which the defendant attempts to plead by way of setoff was given for the faithful performance of the covenants of the lease. As this court has found that the obligations of the lease still remain intact, the defendant has no right to its return until it has affirmatively proven full compliance with its terms. (*Kottler* v. *New York Bargain House, Inc.*, *supra*.)

Judgment for the plaintiff.