**500 FIFTH AVENUE, Inc., a New York corporation, Plaintiff,**

v.

**Charles R. CRONE, Defendant.**

**No. 11031.**

United States District Court
W. D. Missouri, W. D.

March 31, 1959.

708

Robert Duboc of Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, Mo., for plaintiff.

John G. Crichton of Crichton, Perry & Wilkinson, Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

This is an action to recover rent alleged to be due under a written lease on office space in the City of New York. The lease was executed in that city between plaintiff, lessor, and defendant and two other individuals, not parties to this action, as tenants. Plaintiff now moves under the provisions of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment in its favor. Defendant has moved to dismiss the action on the ground that the pleadings, depositions, and exhibits on file show that plaintiff has no right to relief.

The record discloses that the lease was signed September 15, 1947. The portions material for present pur-

poses provide that the tenants were jointly and severally liable; that the term of the lease was four years and seven months, from October 1, 1947, to April 30, 1952; that the rental was $4,500 annually or $375 per month, payable on the first day of each month; that the tenants could not assign the lease or otherwise encumber, transfer or sublet the premises without written permission of the lessor; that in the event of default the landlord could re-enter and repossess the premises; that in the event the landlord resumed possession it could rent them for all or part of the original term, applying the rentals received first to its own expenses incurred because of the default, with any remainder to be applied as a reduction of the tenants' obligations under the lease; that a repossession by lessor did not relieve the tenants from their financial obligations under the lease; and that the lease could not be altered or modified except by a writing under seal duly signed by both parties. The last paragraph of the instrument, added by typewriter to an otherwise printed form, is significant. It reads:

"Fortieth: That the Tenant may assign this lease to Wilson, Wright and Associates, Inc., for the purpose hereinbefore in this lease specified, provided that such corporation first joins with the Tenant in agreeing with the Landlord in writing to be bound by all of the terms, covenants and conditions of this lease, provided that the Tenant hereunder is not in default in the performance of any of the terms, covenants or conditions of this lease up to and including the date of the execution of the assignment, and provided further that such assignment shall not in anyway release the original Tenant hereunder from any liability whatsoever under this lease. * * * "

Approximately eighteen months after the date of commencement of the term of the lease, defendant and his co-tenants, Ewell and Wright, defaulted in the payment of rent under the lease by failing to pay the installment due on March 1, 1949. On March 14, 1949, plaintiff instituted a summary dispossess proceeding in the Municipal Court of the City of New York. Substituted service of the petition and precept was obtained on the same day. The petition sought recovery of the premises and the rent of $375 which was due March 1, 1949. Possession was awarded to plaintiff by final order on March 25, 1949. No allowance for any amount of rent due was included in this judgment. A warrant of dispossess was executed by the Marshal of the City of New York April 4, 1949.

Subsequent to this default, plaintiff relet the premises on August 1, 1950, to a concern known as Welsh, Margetson & Co., Ltd. The monthly rental was $300 per month. During the period from August 1, 1950, to April 30, 1952, the termination date of the lease involved here, plaintiff received a total of $6,300 in rent. In 1951, plaintiff made settlements with Wright and Ewell as to their liability under the lease, receiving a total of $1,235 from them. Releases, executed in consideration of these payments, expressly reserved plaintiff's rights against defendant Crone. Thus plaintiff received $7,535 subsequent to the default under the lease. Of this amount $7,500 was applied to satisfy the twenty installments of rent which matured from March 1, 1949, to October 1, 1950. The remaining $35 was applied to the rental obligation accruing on November 1, 1950. The balance remaining under the terms of the original lease is $340 for the month of November, 1950, and $375 for each month thereafter through April 1, 1952, or a total of $6,715.

This action was filed here May 15, 1957. By that time defendant had become a citizen of Missouri. The complaint alleges the facts above, and seeks judgment for the principal sum of $6,715, with interest on each installment as it matured. Defendant has interposed five defenses. They are: (1) That the complaint fails to state a claim upon which relief may be granted; (2) that defendant's co-tenants, Ewell and

Wright, are indispensable parties who have not and cannot be joined; (3) that the action is barred by the applicable New York statutes of limitation; (4) that by the acceptance of rent from Wilson-Wright and Associates, there has been a novation and defendant therefore is released from individual liability; and (5) an admission of the execution of the lease but a general denial of all other allegations in the complaint. It may be noted that the fifth defense was added after plaintiff had submitted its motion for summary judgment.

■■ The defense that the complaint fails to state a claim upon which relief may be granted is without merit. Likewise the contention that the co-tenants are indispensable parties is not well taken. The lease specifically provides that the tenants shall be jointly and severally liable. Under federal law obligors who are jointly and severally liable are not indispensable parties to contract actions. Fredstrom v. Giroux Post No. 11 of American Legion, D.C.W.D.Mich.1951, 94 F.Supp. 983; 2 Barron and Holtzoff, Section 513.

■ The action is not barred by the New York statutes of limitation. Service of process was obtained here on May 16, 1957. The New York statutes concerning limitation provide as follows (citations are to the New York Civil Practice Act as it appears in Clevenger's Practice Manual 1958):

Sec. 16. *"When action deemed to be commenced.* An action is commenced against a defendant, within the meaning of any provision of this act, which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

The statutory period for maintaining an action of this nature is established as follows:

Sec. 48. *"Actions to be commenced within six years.* The following actions must be commenced

within six years after the cause of action has accrued:

"1. An action upon a contract obligation or liability express or implied * * *."

The record discloses that defendant was out of the state of New York and the United States from March 1, 1952, to August, 1953, a period of some seventeen months. During this time he was serving with the State Department in Europe. The New York statutes provide:

Sec. 19. *"Effect of defendant's absence from state or residence under false name.* If, when the cause of action accrues against a person, he is without the state, the action may be commenced, within the time limited therefor, after his coming into or return to the state. If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for the space of four months or more, or if, without the knowledge of the person entitled to maintain the action, he resides within the state under a false name, the time of his absence or of such residence within the state under such false name is not a part of the time limited for the commencement of the action * * *."

Thus under this section, the period of defendant's absence is not a part of the time limited for commencement of the action. The earliest installment of rent involved here is November 1, 1950. This suit could have been initiated within a period of six years plus 17 months from that date, or as late as March, 1958. It was begun in May, 1957. Under the facts and the law of New York, the statute of limitations is not an effective defense.

Defendant, however, contends that he still technically maintained his residence within the state of New York during his absence. It is urged that he continued to have an apartment in New York City and maintained a bank account in a New York bank, and that the statutes of limi-

tation were not tolled while he was in Europe. In this, defendant is in error. His absence from the state of New York tolled the statute of limitations. Chapin v. Posner, 1949, 299 N.Y. 31, 85 N.E.2d 172; Perlak v. Goodyear Tire & Rubber Co., Sup., 1955, 140 N.Y.S.2d 675.

The facts as shown fail to establish a novation. Paragraph Fortieth of the lease authorizes the original tenants to assign the lease to Wilson, Wright and Associates, Inc., if that corporation agrees in writing to be bound by its terms. The paragraph specifically provides that the assignment will not relieve the original tenants from liability under the lease. There is no indication in the record that such a written assignment was executed. Even if it had been, this would not have released the original tenants from their liability on the covenants of the lease. The law of New York in circumstances such as these is that the orginal lessee continues to be liable for rent after an assignment. Gillette Bros. v. Aristocrat Restaurant, 1924, 239 N.Y. 87, 145 N.E. 748; City of New York v. Flatto, 1936, 271 N.Y. 244, 2 N.E.2d 644; Turquoise Realty Corporation v. Burke, 1938, 168 Misc. 670, 6 N.Y.S.2d 125. The specific theory of novation which defendant seeks to interject here was considered and rejected in Durand v. Lipman, 1937, 165 Misc. 615, 1 N.Y.S. 2d 468.

There remains for consideration the effect of the summary dispossess proceeding held in March, 1949. The twenty-first paragraph of the lease provides in effect that the re-entry of the landlord, whether by summary proceedings or otherwise, shall not absolve the tenant from liability for rent. Similar provisions have been considered and upheld by the courts of New York. In Mann v. Ferdinand Munch Brewery, 1919, 225 N.Y. 189, 121 N.E. 746 it was held that a stipulation of that character survives an eviction by summary proceeding and renders the tenant liable for rent to the end of the term although no longer in possession. See also Hines v. Bisgeier, 1935, 244 App.Div. 354, 279 N.Y.S. 439. The prior proceeding for possession is therefore no bar to a present adjudication against defendant for rent due under the lease. The judgment of the Municipal Court of the City of New York did not include any amount due as rental and was limited to the question of possession. Furthermore, the rent which plaintiff sought to recover in that proceeding was the installment due March 1, 1949, for which defendant has received full credit through subsequent payments plaintiff received.

The pleadings, deposition, interrogatories and exhibits on file show that there is no issue as to any material fact in this case, and that no valid legal defense to the motion for a summary judgment has been raised or exists.

The grounds upon which defendant has relied in his motion to dismiss are substantially identical with those raised as matters of defense. The motion to dismiss is therefore overruled. Plaintiff's motion for summary judgment is sustained. Judgment will be entered in accordance with the prayer for relief of the complaint. It is so ordered.